**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **KERRY SALAS DE LA MIYA** | **DOCKET NO. 2:24-CV-01034 SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN** |
| **CALCASIEU SHERIFF'S PRISON** | **MAGISTRATE JUDGE LEBLANC** |

# REPORT AND RECOMMENDATION

Before the court is a motion for Writ of Prohibition filed by pro se plaintiff Kerry Salas De La Miya ("De La Miya"). Doc. 1. De La Miya is in the custody of the Louisiana Department of Corrections ("LDOC"), incarcerated at the Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, it is recommended that the motion be **DENIED** and this matter be **DISMISSED**.

## I. Background

De La Miya files the instant suit alleging that he has been placed in a maximum-security building with less access to the law library and mail services. He asks this Court to "bring a prohibition" (doc. 1 at p. 1) against the jail by sending "notice" to them to "prevent them from stopping [him] from getting his mail" and "using the law library" and to return him to general population. *Id*. at p. 3.

## II. Law & Analysis

A writ of prohibition is traditionally "used by *appellate* courts to exert their revisory powers over inferior courts, but is not an appropriate remedy to control the jurisdiction of other, nonsubordinate courts." *Siler v. Storey*, 587 F. Supp. 986, 987 (N.D. Tex. 1984) (citing *Swift*

*Transportation, Inc. v. John*, 546 F. Supp. 1185, 1194 (D. Ariz. 1982), *decision vacated*, 574 F. Supp. 710 (D. Ariz. 1983)); *see also Miller v. Connally*, 354 F.2d 206, 208 (5th Cir. 1965). This vehicle is inappropriate in the present matter.

The Court construes plaintiff's filing as a Writ of Mandamus. "Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275. Federal district courts may not issue a writ of mandamus to compel state officials to give an inmate greater access to the law library. *Williams v. Catoe,* 2017 U.S. Dist. LEXIS 224747 (E.D.Tex., Nov. 30, 2017) (citing *Jackson v. Caddo Correctional Center*, 235 F.3d 1340, 2000 WL 1672777 (5th Cir. 2000) (unpublished)).

Moreover, any complaint stemming from plaintiff's placement in a maximum-security building at CCC is not for this Court to consider, as the classification of prisoners is a matter within the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Thus, absent an abuse of discretion, which has not been demonstrated by De La Miya, a federal court may not interfere with administrative determinations regarding custodial classifications of inmates. *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998). Furthermore, the federal courts do

not supervise the day-to-day administration of prisons. *Meachum v. Fano*, 427 U.S. 215, 228-29, (1976).

## III. Conclusion

For the reasons stated above, De La Miya cannot obtain the relief sought in this matter. Accordingly, **IT IS RECOMMENDED** that this matter be **DENIED and DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED**. To the extent Plaintiff wishes to challenge an alleged breach of a plea agreement (*see* Doc. 14), he must file a separate civil action for post-conviction relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 18th day of August, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE